IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARLENA JONES,                )
                              )
        Plaintiff,             )
                              )
    v.                        )   No. 08 C 5256
                              )
THE ILLINOIS STATE TOLL       )
HIGHWAY AUTHORITY,            )
                              )
        Defendant.             )

# **OPINION AND ORDER**

Plaintiff Marlena Jones, an African-American woman, is a former employee of defendant Illinois State Toll Highway Authority ("ISTHA"). She worked as a Collector in Charge ("CIC") and was discharged after she placed $40.00 in her shirt pocket when she mistakenly believed there was a $40.00 overcount. Plaintiff alleges she was discharged because of racial discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Defendant's motion for summary judgment was previously granted, *see **Jones v. ISTHA**,* 2011 WL 2633835 (N.D. Ill. July 1, 2011) ("***Jones I***"), and judgment was

entered dismissing plaintiff's cause of action with prejudice. Plaintiff timely moves for reconsideration.

Plaintiff, who is represented by new counsel on the motion for reconsideration,[1] contends there was sufficient evidence to support a material factual dispute precluding summary judgment. Initially, citing to newspaper articles, plaintiff contends ISTHA is notorious for corruption, improper hiring, and treating employees arbitrarily and unfairly. The issue, however, is whether race motivated plaintiff's particular discharge. Any sufficient evidence that defendant generally treats its employees arbitrarily and unfairly would go against finding that plaintiff's discharge was motivated by race and not a general disregard for treating employees fairly and following appropriate rules for discharging an employee. The general allegations regarding ISTHA that are presently raised by plaintiff are not pertinent to whether reconsideration should be granted. It need not be considered to what extent these allegations are true or if they are supported by any evidence that may be considered on summary judgment.

---

[1]Plaintiff's supporting brief is just over 14 pages and appears to be 11-point type and approximately one-and-one-quarter spacing. It therefore violates Local Rule 5.2. Nevertheless, the brief has been fully considered. Counsel is admonished henceforth to comply with Rule 5.2's requirements that documents use no smaller than 12-point type (11-point in footnotes), be double-spaced, and not exceed 15 pages unless leave of court is obtained.

As in her original response to summary judgment, plaintiff contends the investigation leading up to her discharge was incompetently performed. Plaintiff further contends that, because she is a member of a protected group, any failure to conduct an adequate investigation is evidence of discrimination. *See* Pl. Br. at 7. To the contrary, as was held in the summary judgment ruling, *Jones I*, 2011 WL 2633835 at *2, 5, plaintiff's *prima facie* evidence of discrimination must include evidence that non-African-American employees were treated more favorably than plaintiff. There is no evidence that similarly situated, non-African-American employees were provided a thorough and sufficient investigation. *Chaney v. Plainfield Healthcare Ctr.*, 612 F.3d 908, 915-16 (7th Cir. 2010), is not to the contrary. In that case, it was key that, not only was there a cursory investigation, but there was also a similarly situated co-worker who was treated more favorably. *See id.* at 915.

The contention of plaintiff that is more to point is her contention that the record contains adequate evidence that a non-African-American was treated more favorably than plaintiff. Plaintiff contends the evidence before the court does not support that she intended to steal the money that was in her shirt pocket. As previously held, *Jones I*, 2011 WL 2633835 at *4, the determinative fact is not

whether plaintiff actually intended to steal the money. The relevant fact is whether the pertinent decisionmaker had reason to believe that plaintiff intended to keep the money. Plaintiff points to testimony of the CIC on the next shift, Michelle Bolek, that Bolek never told anyone that Bolek believed plaintiff intended to keep the money. As previously noted, *id.* at *3, Bolek provided a written statement that plaintiff did not mention she had the money in her pocket until Bolek first noted that the count was $40.00 short and, though plaintiff testified otherwise, Bolek has never retracted that statement. It was reasonable for the investigator and plaintiff's supervisor to infer from Bolek's statement that plaintiff otherwise intended to keep the money, even with plaintiff contending otherwise.[2] The undisputed facts before the court are that the pertinent decisionmaker believed plaintiff intended to keep the $40.00 and that she was discharged on that ground.

As part of her *prima facie* case supporting that defendant was motivated by a racial animus, plaintiff must present evidence of a similarly situated non-African-American who was treated more favorably. Plaintiff again relies on the

---

[2]Plaintiff presently raises the issue that the wrong reports were relied upon and that the final TC-12 form that was submitted contained a correct count. Plaintiff, however, was not discharged for filing an improper report. She was discharged on the ground that, if Bolek had not noted the undercount, plaintiff intended to keep the $40.00.

instance of a White toll collector who found $40.00 in her pocket and voluntarily returned it and received a three-day suspension. As previously discussed, *Jones I*, 2011 WL 2633835 at *4, this employee's situation was materially different such that a meaningful comparison could not be made. The other employee voluntarily returned the $40.00 without another employee first noticing that it was missing. Plaintiff did not mention she had the money in her pocket until Bolek first noted the count was $40.00 short and an investigator and plaintiff's immediate supervisor thereafter concluded plaintiff intended to steal the money. Moreover, even without evidence of an express policy of defendant that a CIC be subjected to different disciplinary standards than a toll collector, there are material differences between the two positions. A front-line employee who has control over a limited amount of cash is not meaningfully comparable to a supervisor who controls larger sums when it comes to disciplinary issues regarding possible stealing. *See id.* at *4 n.6.

Plaintiff also points to evidence of a White CIC who was discharged for attempting to steal $300.00 and only returned it after threats to call the police. While this CIC's conduct was more egregious in that it involved a larger sum of money and a greater reluctance to return the money, that employee's circumstances

do not support that reaching that additional level sets a minimum for a dischargeable conduct. Plaintiff still does not show that a non-African-American CIC stole money or committed equivalent misconduct, but was not discharged.

Moreover, neither of the other two employees are appropriate comparables because plaintiff still does not point to evidence that the supervisor who allegedly discriminated against plaintiff was also a decisionmaker regarding either of the other two employees.

For the foregoing reasons, reconsideration will be denied.

IT IS THEREFORE ORDERED that plaintiff's motion to reconsider and vacate [69] is denied.

ENTER:

_____
UNITED STATES DISTRICT JUDGE

DATED: OCTOBER 4, 2011